Robert N. Mann (AZ #015892)
**RADIX LAW, PLC**
15205 N. Kierland Blvd., Suite 200
Scottsdale, AZ 85254
(602) 606-9300
mann@radixlaw.com
*Attorney for Defendants Transnational Management Systems, LLC and Transnational Management Systems II, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Econlit, LLC, an Arizona limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>Transnational Management Systems, LLC, a Delaware limited liability company; Transnational Management Systems II, LLC, a Delaware limited liability company; John Does I-X; Jane Does I-X; John Doe Entities I-X,<br><br>    Defendants. | Case No. 2:18-cv-01001-GMS<br><br>**DEFENDANTS' VERIFIED ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES** |

Defendants Transnational Management Systems, LLC and Transnational Management Systems, II, LLC (collectively, "Defendants"), by and through the undersigned counsel, hereby answer as follows:

## JUSRISDICTIONAL ALLEGATIONS

1. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "1" of the Complaint.

2. Admit the allegations in paragraph "2" of the Complaint.

3. Admit the allegations in paragraph "3" of the Complaint.

1

4. Deny the allegations set forth in paragraph "4" of the Complaint.

5. Deny the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint except deny knowledge or information sufficient to form a belief regarding where the majority of events underlying the Complaint took place.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Admit the allegations set forth in paragraph "8" of the Complaint as to amount only.

9. Deny the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

## GENERAL ALLEGATIONS

12. Defendants hereby incorporate by this reference the foregoing answers as through fully set forth herein

13. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "13" of the Complaint.

14. Deny each and every allegation set forth in paragraph "14" of the Plaintiff's Complaint, except that there is a matter known as *Transnational Management Systems, LLC; et al. v. Pegasus Elite Aviation, Inc. et al.*, case number LC100724.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "17" of the Complaint.

2

833060.1

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Defendants have not paid Plaintiff the balance claimed as due in the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint except admit that the Complaint was preceded by a payment demand.

21. Deny the allegations set forth in paragraph "21" of the Complaint except admit that the full payment of the balance claimed has not been paid to Plaintiff by Defendants.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract/Open Account)

23. Defendants hereby incorporate by this reference the foregoing answers as through fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

## SECOND CLAIM FOR RELIEF

### (Breach of Good Faith and Fair Dealing)

29. Defendants hereby incorporate by this reference the foregoing answers as through fully set forth herein.

833060.1

30. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "30" of the Complaint and leaves issues of the law to the determination of the Court.

31. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the Complaint and leaves issues of the law to the determination of the Court.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Unjust Enrichment)

36. Defendants hereby incorporate by this reference the foregoing answers as through fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny each and every allegation not specifically admitted herein.

/ / /

/ / /

833060.1

44. Seek an award of attorneys' fees pursuant to any written contract and/or Ariz. Rev. Stat. section 12-341.01 or any other applicable statute, as well as an award of costs.

## AFFIRMATIVE DEFENSES

### Lack of Subject Matter Jurisdiction

45. The Maricopa County Superior Court of the State of Arizona where this action was commenced lacks subject matter jurisdiction over the dispute between parties with complete diversity.

### Lack of Personal Jurisdiction

46. Personal jurisdiction over Defendants is lacking.

### Improper Venue

47. This action was improperly venued.

### Failure to State a Cause of Action

48. Plaintiff has failed to state cause of action by failing to state or sufficiently specify one or more essential elements of the causes of action purportedly set forth in the Complaint.

### Fraud, Deceit, or Misrepresentation by Plaintiff

49. Plaintiff obtained Defendants' purported consent to any alleged contract or transaction through fraud, deceit, or misrepresentation thus invalidating same.

/ / /

/ / /

/ / /

**Failure of Consideration/Proper Performance of**

**Condition Precedent by Plaintiff**

50. Plaintiff failed to properly and sufficiently perform the services it claims entitles it to the full balance allegedly owed herein and thus failed to satisfy conditions precedent and/or provide proper consideration for said balance.

WHEREFORE, having answered Plaintiff's Complaint, Defendants seek the following judicial relief:

A. That Plaintiff takes nothing on its Complaint;

B. That Defendants be awarded all costs and attorneys' fees;

C. That Defendants be awarded interest at the highest rate allowed by law; and

D. That the Court award such other and further relief as may be just.

Dated: April 30, 2018.

**RADIX LAW, PLC**

*/s/ Robert N. Mann*
Robert N. Mann
*Attorney for Defendant Transnational Management Systems, LLC and Transnational Management Systems II, LLC*

833060.1

## VERIFICATION

I, Adam Victor, declare under the penalty of perjury the following.

1. I am over the age of 18 and have personal knowledge of the facts in the above-referenced action.
2. I am President of Transnational Management Systems, LLC and Transnational Management Systems I, LLC, Defendants in the above-referenced action.
3. I have read Defendant's Verified Answer to Complaint with Affirmative Defenses and know the contents thereof, and the same is true of my own knowledge, except as to such matters alleged "upon information and belief," and, as to such matters, I believe them to be true.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed: April 30, 2018.

By: _____
Adam Victor

833583.1

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2018, I electronically transmitted the foregoing document and any attachments to the Clerk of the U.S. District Court for the District of Arizona using the CM/ECF System for filing and a transmittal of a Notice of Electronic Filing was sent to the CM/ECF registered participants as listed below.

Trevor J. Fish
EVANS, DOVE, NELSON,
FISH & GRIER, PLC
2650 E. Southern Avenue
Mesa, AZ 85204
tfish@endlaw.com

By: */s/ Donna F. Reid*